IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Beryl Ming Yu You,<br><br>                       Plaintiff,<br><br>v.<br><br>Dr. James H. Tollcy, Nurse Susan Zayac, and Medical University of South Carolina,<br><br>                       Defendants. | Civil Action No.2:13-cv-1683-DCN-WWD<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

This matter is before the court on motions from all Defendants to dismiss. (Dkt. No. 12; Dkt. No. 17; Dkt. No. 19; Dkt. No. 28; Dkt. No. 38; and Dkt. No. 39.) The motions are virtually mirror images of each other. Defendants assert Eleventh Amendment immunity, failure to state a claim, and failure to effect service as bases for their motions to dismiss. Plaintiff has responded in opposition to the motions, although her responses go well outside the pleadings in her complaint. Nevertheless the matter is ripe for disposition.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

For the reasons which follow, the motions to dismiss should be granted.

## BACKGROUND

The complaint alleges that Plaintiff was on a visit to Charleston when she went to the Institute of Psychiatry on May 13, 2013. She had come to Charleston to see her son and she went to the Institute of Psychiatry to speak with a doctor about a psychologist for her son who was under "a lot of stress." Plaintiff cried when she was told that there was no psychologist. The complaint then describes how Plaintiff was scared about walking across a narrow bridge which had a hand-hold that was very low.  The doctor there asked Plaintiff

if she thought about committing suicide. Plaintiff responded that she had suicidal thoughts some time in the past but no longer. A reasonable inference may be drawn from the complaint that there was more conversation between Plaintiff and the doctor. The doctor expressed to Plaintiff that the doctor was worried about her, but Plaintiff said that she was "ok." When Plaintiff tried to leave, a "security" met her to take her to the emergency room, and by this time Plaintiff was "stopping to cry already." Despite Plaintiff's protestations that she did not want to go to the emergency room, the doctor was worried about her and had her escorted to the emergency room. Plaintiff repeatedly asked to leave but her requests were ignored. As the day and evening wore on, Plaintiff was asked to disrobe and to spend the night in the hospital; she was not discharged until the next morning. She claims that she was threatened with "sleep shorts", see Complaint, ¶ 20, and that she stayed in the hospital overnight.[1] At her discharge she was given the diagnosis of adjustment disorder. She disputed the diagnosis and said that she was "here" because of a "language barrier misunderstanding." Doctor Tolley "scratched" the diagnosis but it took Plaintiff several days of trying to get her medical records from the Medical University before she left Charleston. The complaint is not a model of clarity. Plaintiff does indeed have a language barrier; a reasonable inference from the complaint is that Plaintiff is of Chinese origin. See Complaint, ¶ 25 (hospital "hired" a Chinese interpreter for Plaintiff). Nevertheless Plaintiff says that "the bad doctor and nurse force a normal person to treat like a psychiatry patient." Complaint, ¶ 27. Plaintiff has styled her complaint as one for medical negligence.

---

[1] In context, "medical shorts" refers to shots (injections), but the thought is distracting. . . . Plaintiff describes "that she had to walk on very narrow side-walking on the bridge to hospital from hotel. The bridge handhold is very low with narrow side-walking that was really scared of her. . . ."

## APPLICABLE LAW

On a 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" Andrew v. Clark, 561 F.3d 261, 266 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Nevertheless, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn from the facts, . . . unwarranted inferences, unreasonable conclusions or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); Giarratano, 521 F.3d 298).

## DISCUSSION

Plaintiff has named Dr. James H. Tolley, Nurse Susan Zayac, the Medical University of South Carolina, and "staffs of MUSC" as Defendants. Dr. Tolley, Nurse Zayac, and the medical university have filed motions to dismiss. (Dkt. No. 12; Dkt. No. 17; Dkt. No. 19; Dkt. No. 28; Dkt. No. 38; and Dkt. No. 39.) As noted, the motions to dismiss are mirror images of each other. The court believes that the critical issue is immunity asserted by Defendants and that is the issue which will be discussed.

Defendants suggest that the complaint sounds in tort and they refer to Plaintiff's repeated use of the words "careless" and "negligent." Moreover as the court has noted, Plaintiff has styled her complaint as one for medical negligence. That being the case, the individual Defendants argue that both Dr. Tolley and Nurse Zayac are state employees who enjoy statutory immunity under South Carolina's Tort Claims Act. The Defendant medical university argues the same point that it, too, is immune from suit in this court. The undersigned agrees with Defendants' position. In Peltier v. Metts, Civ. A. No. 2:09-44-DCN-RSC, 2009 WL 6593943 (D.S.C. Jan. 12, 2009), this court summarily dismissed the Medical University of South Carolina; the court's decision was upheld on appeal. See Peltier, 2009 WL 6593943, at *3, adopted at 2009 WL 6593938 (D.S.C. Jan. 28, 2009), aff'd 329 Fed. App'x 396 (4th Cir. 2009); see also Yarborough v. King, Civ. A. No. 2:11–2602–MBS–BHH, 2011 WL 5238920, at *2 (D.S.C. Oct. 3, 2011), adopted at 2011 WL 5151757 (D.S.C. Oct. 31, 2011). The individual defendants–Defendant Dr. Tolley and Nurse Zayac –are also immune in the case *sub judice*. See DeCecco v. Univ. of S.C., 918 F. Supp. 2d 471, 499-500, 521-22 (D.S.C. 2013); S.C. CODE ANN. § 15-78-70; S.C. CODE ANN. § 15-78-20(e).

## CONCLUSION

It is therefore RECOMMENDED, for the foregoing reasons, that Defendants' Motions to Dismiss (Dkt. No. 12; Dkt. No. 17; Dkt. No. 19; Dkt. No. 28; Dkt. No. 38; and Dkt. No. 39) be **GRANTED**.

**IT IS SO RECOMMENDED**.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

June , 2014
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).